# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HEIDI C. WAGNER,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF JUSTICE,<br>　　　　　Agency. | DOCKET NUMBER<br>NY-0752-21-0126-I-1<br><br><br>DATE: July 28, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence Berger</u>, Esquire, Glen Cove, New York, for the appellant.

<u>Jill McCann</u>, Springfield, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to provide further explanation as to the basis for sustaining the appellant's removal, we AFFIRM the initial decision.

## BACKGROUND

¶2    The appellant was removed from her position as a GS-8 Office Assistant effective June 21, 2021, based on two charges of sustained misconduct, i.e., failure to follow written or oral instructions, supported by three specifications, and conduct unbecoming a Drug Enforcement Administration (DEA) employee, supported by two specifications. Initial Appeal File (IAF), Tab 7 at 10-12. Specifically, two of the specifications underlying the failure to follow oral or written instructions charge concerned the appellant's failure to ensure the appropriate form with the required approvals was completed before advancing agency funds to special agents. *Id.* at 37-38. The third specification concerned the appellant's failure to secure $300 of the agency's funds, leaving the money in an envelope outside of the secured cash utility box. *Id.* at 38-40. Regarding the second charge, i.e., conduct unbecoming a DEA employee, the first specification alleged that the appellant "consciously disregarded" agency requirements by failing to make entries in the agency's Daily Imprest[2] Fund Accountability Log Book over the course of approximately 1 month. *Id.* at 40. The second

---

[2] An imprest is a cash account used to pay for small, routine business expenses.

specification alleged that she changed $50 bills of her own personal funds for the $100 bills of the agency's funds, thus commingling her personal funds with the agency's funds. *Id.* at 40-43.

¶3 The appellant filed an appeal of her removal with the Board. IAF, Tab 1. After the appellant requested a decision on the written record, IAF, Tab 21, the administrative judge issued an initial decision affirming the appellant's removal, IAF, Tab 26, Initial Decision (ID). First, she noted that the appellant conceded the misconduct, and the only two issues to be addressed were the appellant's arguments that the agency committed harmful error by considering a previous last chance agreement (LCA) as an aggravating factor and that removal was unreasonable in light of mitigating factors. ID at 2. The administrative judge denied the appellant's claim of harmful error, finding that she failed to prove that the agency's consideration of the LCA was an error or violated any rule. ID at 3. Next, she found that there was no basis for disturbing the agency's chosen penalty of removal because the record included evidence that the deciding official had considered the *Douglas* factors, including the appellant's arguments regarding mitigating factors. ID at 4. Accordingly, the administrative judge affirmed the appellant's removal. ID at 5.

¶4 The appellant filed a petition for review, arguing that the agency committed harmful error by considering the LCA as an aggravating factor and that removal was outside of the bounds of reasonableness. Petition for Review (PFR) File, Tab 3 at 6-10. The agency responded in opposition to the petition for review. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The appellant does not dispute the agency's charges, and thus, as the administrative judge noted, she has conceded the misconduct. ID at 2. Accordingly, because the agency has presented evidence to support its charges, and the appellant has admitted to the alleged misconduct, we find that the agency

proved its charges by preponderant evidence. Furthermore, because the misconduct occurred while the appellant was on duty, nexus is established. *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 24 (2016) (finding nexus when the appellant's charged misconduct occurred at work). On review, the appellant only disputes the administrative judge's findings on harmful error and mitigation, which we address in more detail below. PFR File, Tab 3 at 6-10.

The agency did not commit harmful error by considering the appellant's previous last chance agreement as an aggravating factor.

¶6 On April 10, 2014, the appellant signed an LCA, which held her July 26, 2012 proposed removal in abeyance for a period of 36 months. IAF, Tab 7 at 65-68. By signing the LCA, the appellant admitted that there was sufficient evidence to sustain the charged misconduct, specifically, failure to honor just debts (four specifications) and failure to follow written instructions (two specifications). *Id.* at 65-66. She also agreed that if she failed to abide by the provisions of the LCA, or if she was disciplined within those 36 months for failure to honor just debts, the agency would effectuate her removal. *Id.* at 67. The appellant did not violate the terms of the LCA; however, on March 16, 2021, the appellant was issued the proposed removal at hand, which notified her that her LCA was considered part of her "extensive past disciplinary record, which demonstrates that [she was] on notice of the seriousness of the misconduct, and that [she has] refused multiple opportunities for rehabilitation." *Id.* at 43-44. On review, the appellant contends, in essence, that the agency erred in considering the LCA as an aggravating factor because the LCA "expired" 36 months after the date of execution, and the agency could only use the LCA to effectuate the July 26, 2012 proposed removal, and not as an aggravating factor in a later disciplinary action. PFR File, Tab 3 at 6-8.

¶7 We agree with the administrative judge that the appellant failed to establish that the agency committed harmful error. ID at 3. Under 5 U.S.C. § 7701(c)(2)(A), the Board cannot sustain an agency's decision if the employee

"shows harmful error in the application of the agency's procedures in arriving at such decision." *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991). Reversal of an action for harmful error is warranted where the procedural error, whether regulatory or statutory, likely had a harmful effect upon the outcome of the case before the agency. *Id.* In order to prove harmful error under the statute and the Board's regulations, an appellant must "prove that any procedural errors substantially prejudiced his rights by possibly affecting the agency's decision." *Id.* (quoting *Cornelius v. Nutt*, 472 U.S. 648, 661 (1985)).

¶8 Although the appellant is correct that the LCA ended after 36 months, there is nothing in the agreement that required the agency to expunge the LCA or the underlying proposal notice after the end of the 36-month period. IAF, Tab 7 at 65-68. Similarly, there is no provision that prevents the agency from considering the LCA as an aggravating factor in future disciplinary action occurring after the 36-month timeframe. *Id.* The appellant has not cited any policy, rule, or regulation forbidding an agency from considering an LCA in its penalty determination, and we are unaware of any authority that stands for such a proposition. In fact, the Board has previously found that an agency may consider an LCA as part of its penalty determination. *See Jenkins v. Department of the Treasury*, 104 M.S.P.R. 345, ¶ 16 (2007), *aff'd*, 244 F. App'x. 349 (Fed. Cir. 2007) (affirming the administrative judge's findings regarding the agency's penalty determination, including the agency's consideration of the appellant's LCA); *Byers v. U.S. Postal Service*, 78 M.S.P.R. 456, 463-64 (1998) (including a previous LCA as part of the appellant's past disciplinary record). Thus, we agree with the administrative judge that the appellant failed to establish her claim of harmful error. ID at 3.

<u>Removal was within the bounds of reasonableness.</u>

¶9     On review, the appellant argues that removal was unreasonable, citing several mitigating factors, including the "unusual"[3] stress caused by the COVID-19 pandemic, the fact that she immediately took accountability for her "lapses," and her potential for rehabilitation. PFR File, Tab 3 at 8-10. While we agree with the administrative judge's assessment that there is no basis for mitigating the penalty, ID at 4, we find it necessary to provide additional information to better explain the basis for this finding.

¶10    When, as here, the agency's charge is sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Powell v. U.S. Postal Service*, [122 M.S.P.R. 60](), ¶ 12 (2014). In making this determination, the Board must give due weight to the agency's primary discretion in exercising its managerial function of maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Id.* Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty imposed clearly exceeds the bounds of reasonableness. *Id.*

¶11    There is no basis for mitigation in this case. It is well established that the most important factor in assessing whether the agency's chosen penalty is within the tolerable bounds of reasonableness is the nature and seriousness of the

---

[3] The appellant asserts that she was under unusual stress during the COVID-19 pandemic because she was worried about the health of her daughter and son-in-law who are nurses and her elderly parents who live out of state, as well as her own health because she had to report to the office. PFR File, Tab 3 at 8-9. While we sympathize with the appellant's concerns regarding the health and well-being of her family and herself, we are not certain that these stressors can be characterized as "unusual" given that many individuals suffered similar worries during the pandemic. Moreover, the appellant has not explained how the factors she identified contributed to her misconduct, and they do not justify mitigation of the penalty.

misconduct and its relation to the employee's duties, position, and responsibilities. *Downey v. Department of Veterans Affairs*, 119 M.S.P.R. 302, ¶ 9 (2013); *Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010); *Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶ 9 (2003). The appellant acted as the Imprest Fund Cashier as part of her duties, and thus was charged with handling and protecting public funds. IAF, Tab 7 at 43. Her misconduct is extremely serious, as it involves the mishandling of Government funds and strikes at the very heart of her duties. *See, e.g.*, *Brown v. Department of the Army*, 96 M.S.P.R. 232, ¶ 11 (2004) (noting the seriousness of the appellant's offense when he was responsible for handling and managing Government property, including Government funds, and the offense involved misuse of Government funds).

¶12     Furthermore, the appellant has an extensive history of discipline for similar misconduct, specifically, a 3-day suspension in March 2006 for misuse of office and failure to honor just debts, a 3-day suspension in January 2007 for charges of failure to honor just debts and failure to follow written instructions, a 3-day suspension for misuse of government property (commingling) and failure to follow written instructions in April 2010, and a proposed removal for failure to honor just debts and failure to follow written instructions in July 2012, which was held in abeyance by the LCA. IAF, Tab 7 at 43-44. Thus, there is simply no doubt that the appellant had ample notice of the agency's rules, and several opportunities to correct her behavior. *See Jinks v. Department of Veterans Affairs*, 106 M.S.P.R. 627, ¶ 25 (2007) (stating that prior discipline can be considered as notice that the appellant had been warned about the type of misconduct involved). In fact, the agency attempted to deter the appellant's behavior, practicing progressive discipline by issuing her three suspensions and entering into an LCA prior to resorting to a removal action. Contrary to the appellant's assertions, PFR File, Tab 3 at 9-10, this evidence demonstrates that she has little rehabilitative potential, as she continued to engage in misconduct

despite being given ample opportunities to correct her behavior, *see Arenz v. Department of the Army*, 51 M.S.P.R. 88, 99 (1991) (finding removal reasonable when the appellant had shown a lack of rehabilitative potential after repeated misconduct for which he had been reprimanded), *aff'd*, 976 F.2d 746 (Fed. Cir. 1992) (Table).  IAF, Tab 7 at 25.

¶13    While significant, the mitigating factors, including the appellant's 26 years of Federal service, her excellent performance reviews, and the fact that she took responsibility for her actions, do not outweigh the evidence supporting removal. IAF, Tab 7 at 43-44; PFR File, Tab 3 at 8-10.  Therefore, we agree with the administrative judge's finding that there was no basis to warrant mitigation.  ID at 4.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                        /s/ for
                                      _____
                                      Jennifer Everling
                                      Acting Clerk of the Board
Washington, D.C.